IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Arthur Davis, | Case No. 1: 25 cv 2176 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| City of Cleveland, *et al.*, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### Background

*Pro se* Plaintiff Arthur Davis has filed a civil rights complaint in this case against the City of Cleveland, the Cleveland Police Department, John and Jane Doe Officers, Jane Doe Public Defender, John and Jane Doe Judges and Prosecutors, the State of Ohio, and the Ohio Bar Association. (Doc. No. 1.) He states his complaint "relat[es] to two separate but related incidents involving the same officers." (*Id*. at 2, ¶ 5.)

First, he complains that in the fall of 2024, he was arrested on a job site on false allegations made by a complainant of kidnapping and robbery. (*Id*. at ¶ 6.) He complains "Cleveland police" placed him in custody, handcuffed and transported him to the station, forced him to post bond under duress and intimidation, and that property (including $400) was taken from him. He complains he "told every judge he appeared before that due process had not been followed," but the "[j]udges and prosecutors ignored these objections." (*Id*. at 3, ¶ 9.) He states the charges against him were dismissed after the complainant failed to appear in court, but he complains that he never got his seized money or an accounting of what was taken from him and that his reputation was publicly harmed.

(*Id*. at ¶ 11.) He also alleges he was "assigned a public defender (Jane Doe)" who misrepresented the law and refused to challenge due process violations or provide him with case files, transcripts, and evidence after dismissal of his case. (*Id*. at ¶ 15.)

Second, he complains of an incident that occurred in the winter of 2024, when he was detained and ticketed after being pulled over for sliding into the back of another vehicle during a heavy snowstorm. (*Id*. at ¶ 12.) He complains that "Officers demanded [his] identification, searched his vehicle without a warrant or probable cause, handcuffed [him], and issued [him] false traffic citations alleging [he] was on the 'wrong side of the road.'"[1] (*Id*. at ¶ 13.)

Asserting constitutional claims under § 1983 for "false arrest/false imprisonment," "unlawful search and seizure/conversion of property," "denial of due process," "deprivation of right to travel," and conspiracy to deprive him of equal protection and civil rights under 42 U.S.C. § 1985(3), in addition to state-law torts, he seeks damages and declaratory and injunctive relief. (*See id*. at "Causes of Action," ¶¶ 18-25.)

Plaintiff did not pay the filing fee in the case, but instead, filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted.

**Standard of Review and Discussion**

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to initial screening under 28 U.S.C. § 1915(e)(2)(B). That statute expressly requires district courts to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the

---

[1] He does not indicate the results of this traffic citation.

2

court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.*

Upon review, the Court finds that Plaintiff's complaint fails to allege a plausible claim under either § 1983 or § 1985 and warrants dismissal pursuant to § 1915(e)(2)(B).

Most of the Defendants are not persons subject to suit, or are immune from suit on claims, under § 1983.[2] The Cleveland Police Department is not *sui juris* and, therefore, is not subject to suit. *See Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (collecting cases and holding that Ohio courts and police departments are not *sui juris* for purposes of suit under § 1983); *see also Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) ("We note at the outset that the named defendant in this action, the Police Department of the City of Zanesville, is not a juridical entity subject to suit under Ohio law.") Plaintiff's public defender is not subject to suit as court-appointed (and retained) attorneys performing traditional functions as defense counsel do not act "under color of state law" for purposes of § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). Likewise, § 1983 does not apply to the conduct of private entities or persons, such as bar associations and members of bar associations. *See, e.g., Hu v. American Bar Ass'n*, 568 F.Supp.2d 959, 965 (N.D. Ill. 2008) (federal and "state bar associations do not engage in state action by formulating and enforcing disciplinary rules"); *Jordan v. Kentucky*, No.

---

[2] To state civil rights claim under § 1983, a plaintiff must show that he was deprived of a constitutional right by a "person" acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002).

3

3: 09-cv-424, 2009 WL 2163113, at *4 (W.D. Ky. July 16, 2009) (Kentucky Bar Association and its President not state actors for purposes of § 1983).

The State of Ohio is entitled to sovereign immunity under the Eleventh Amendment. *See Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) (the State of Ohio has not waived its immunity to suit in § 1983 cases). Judges and prosecutors are entitled to absolute immunity on claims arising out of the performance of their official judicial and prosecutorial functions, *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Imbler v. Pachtman*, 424 U.S. 409 430-31 (1976), and nothing in Plaintiff's complaint suggests that any judge or prosecutor he sues took any action falling outside of the scope of his or her absolute immunity.

Further, the Court finds that Plaintiff's complaint even liberally construed fails to set forth allegations sufficient to state a plausible § 1983 claim against the City of Cleveland or police officers.

To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). Although detailed allegations are not required, a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. While some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, courts are not required to conjure unpleaded facts or construct claims on their behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001).

Here, Plaintiff contends police officers arrested and detained him in connection with two separate incidents without probable cause and in violation of his rights. (*See* Doc. No. 1 at ¶¶ 18, 19, 21.) But other than his own generalized and conclusory assertions in that regard, Plaintiff has not provided factual content or context from which a plausible inference could be drawn that he was arrested and detained, in either instance, without probable cause. Plaintiff's own conclusions and non-specific allegations are insufficient to state a valid claim. *See, e.g, Bey v. Trumbull Cnty. Health Department*, No. 4: 18-cv-1166, 2019 WL 950078, at *3 (N.D. Ohio Feb. 27, 2019) (dismissing complaint under § 1915(e)(2)(B) and stating that "Plaintiff's allegation that he was held without bond in violation of his right to due process and in retaliation for defending his constitutional rights are simply legal conclusions masquerading as factual allegations"); *see also Iqbal*, 556 U.S. at 678 ("an unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient to state a claim for relief).

His complaint also fails to state an actionable § 1983 claim to the extent he contends police officers mishandled and seized his money and property. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Thus, a plaintiff "does not state a due process claim merely by alleging the deprivation of property." *Darling v. Lake Cnty. Bd. of Comm'rs*, No. 1:12-cv-194, 2012 WL 1902602, at *17 (N.D. Ohio May 25, 2012) (citing *River City Capital, L.P. v. Bd. of Cnty. Com'rs, Clermont Cnty., Ohio*, 491 F.3d 301, 306 (6th Cir. 2007)). A plaintiff must also plead "that state remedies for redressing the wrong are inadequate." *Perdue v. Ohio Dep't*

5

*of Corr.*, No. 1:13-cv-878, 2014 WL 661707, at *5 (S.D. Ohio Feb. 19, 2014) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983) and citing *Hudson*, 468 U.S. 517 and *Parratt*, 451 U.S. 527). Plaintiff has not alleged, suggested, or demonstrated that state post-deprivation remedies available to him in Ohio are inadequate or unavailable to redress his claims concerning the deprivation of his property.

Finally, Plaintiff's complaint fails to state a plausible claim under § 1983 against the City of Cleveland. A local government may be liable under § 1983, but only when its own "policy or custom" causes a constitutional injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[T]o satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)). Plaintiff does not allege facts demonstrating, and does not even assert, that the City of Cleveland had a policy or custom that caused a violation of his rights.

Accordingly, for all of the foregoing reasons, Plaintiff's complaint fails to allege an actionable claim, against any Defendant, under § 1983.

Plaintiff's complaint also fails to state a plausible claim for "conspiracy" under 42 U.S.C. § 1985(3). Section 1985(3) prohibits conspiracies to deprive persons of equal protection of law. To succeed on a claim, "a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Moniz v. Cox*, 512 Fed.Appx. 495, 499 (6th Cir. 2013). Plaintiff's complaint fails to allege these elements. He merely

alleges that "Defendants conspired to deprive [him] of equal protection and civil rights, by coordinating false accusations, arrests, and prosecutions." (Doc. No. 1 at ¶ 22.) Plaintiff's allegations of conspiracy are purely conclusory, unsupported by specific alleged facts, and his conspiracy claim warrants *sua sponte* dismissal. *See, e,g,. Ellis v. DeWine*, No. 4: 18-cv-1597, 2019 WL 3500923, at *7 (N.D. Ohio July 31, 2019) (dismissing *pro se* § 1985(3) conspiracy claim based on conclusory and unsupported allegations).

## Conclusion

For the foregoing reasons, Plaintiff's complaint fails to state an actionable federal claim and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In light dismissal of the federal claims in the case at this early stage, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law tort claims, which are dismissed without prejudice. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:  February 6, 2026

  s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE